Matter of Ploss v Bratton (2018 NY Slip Op 03482)





Matter of Ploss v Bratton


2018 NY Slip Op 03482


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6560 101380/14

[*1]In re Jacqueline Ploss, etc., Petitioner-Appellant,
v
William J. Bratton, etc., et al., Respondents-Respondents.


Law Office of Jeffrey L. Goldberg, Port Washington (Jeffrey L. Goldberg of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Gerald Lebovits, J.), entered July 7, 2016, denying the petition to annul respondents' determination, dated August 13, 2014, which denid petitioner's application for accidental death retirement benefits pursuant to General Municipal Law § 207-k (Heart Bill), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The statutory presumption in petitioner's favor that her husband's heart condition and resulting death were service-related was rebutted by affirmative credible evidence (see e.g. Matter of Titza v Kelly, 138 AD3d 498 [1st Dept 2016]). The record supports respondents' finding that Officer Ploss's death was attributable to ventricular arrhythmia that he was predisposed to as a result of his severely reduced left ventricular function, and that he did not suffer from coronary artery disease or hypertension (see e.g. Matter of Modlin v Kelly, 121 AD3d 464 [1st Dept 2014], lv denied 25 NY3d 907 [2015] Matter of McNamara v Kelly, 32 AD3d 747 [1st Dept 2006], lv denied 8 NY3d 810 [2007]). Such evidence was sufficient to rule out occupational stress as the cause of his poor cardiovascular health.
Following this Court's remand on petitioner's prior article 78 proceeding, respondents have done more than "point[] to gaps in petitioner's evidence" (113 AD3d 531, 531 [1st Dept 2014]). The assertion of Officer Ploss's cardiologist that Ploss's ventricular rate was very difficult to control, and this was possibly secondary to increased catecholamines resulting from job-related stress, was properly discredited. Respondents addressed this Court's prior concerns, explaining what catecholamines are and why they could not have been responsible for Officer Ploss's death.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK